## FREDERICK M. SUMNER *vs.* WILLIAM H. WILLIAMS.

In an action on a promissory note payable in one year, " with nine per cent. interest,"
the forfeiture to be deducted, under the Rev. Sts. *c.* 35, § 2, is only three times the
amount of nine per cent. for one year ; that being threefold the amount of the whole
interest reserved.

ASSUMPSIT on a promissory note, payable in one year from
October 1st, 1836, with nine per cent. interest.   The only
question made at the trial, before *Dewey*, J. was as to the
amount to be deducted as the forfeiture for reserving usurious
interest.   A verdict was taken, *pro forma*, for the balance, after
deducting three times nine per cent. up to the day of the trial ,
and it was agreed that if, in the opinion of the court, the deduc-
tion should have been made on any different computation, the
verdict should be amended accordingly.

*Brooks*, for the plaintiff.

*Stevens*, for the defendant.

SHAW, C. J.   This is a somewhat remarkable instance of
a note, in which the usury is expressed upon the face of it.   It
was argued that it was not usurious, because the contract for all
over six per cent. was unlawful and void, and left the remain-
der of the contract valid.   On the contrary, the statute declares

that such contract shall not be thereby rendered void. Rev. Sts. *c.* 35, § 2. Besides, when by law an agreement for more than six per cent. was prohibited, it was not the less usurious because by law it was void. This contract is undoubtedly usurious; and the only question is, what shall be the amount of the forfeiture to be deducted. The provision of the statute is, that the plaintiff shall forfeit threefold the amount of the whole interest reserved or taken. The statutes have always made a marked distinction between interest "reserved," and interest "taken." The latter is applied only to interest actually received for the use or forbearance of money, either by way of discount paid in advance, or money paid whilst the loan is outstanding; or upon the final settlement. But interest "reserved," is that which is engaged or stipulated for in some form, by the terms of the contract. In ordinary cases, the premium is added to the sum actually lent, and then the stipulation for the payment of simple interest makes in fact a stipulation for usurious interest. But in the present case, all the interest reserved was nine per cent. on the sum actually lent, for one year. We think, therefore, that the forfeiture will be three times the amount of that nine per cent. for one year. In the cases of *Parker* v. *Biglow*, 14 Pick. 436, and *Brigham* v. *Marean*, 7 Pick. 40, where the interest, upon which the forfeiture was computed, was brought down to the time of the trial, the usurious interest was embodied in the contract, and so was "reserved" within the meaning of the statute; and this distinguishes them from the present case.

The verdict is to be amended conformably to the above mentioned mode of computing the forfeiture, and judgment is to be rendered thereon accordingly.